May 2, 1979

## 79-29   MEMORANDUM OPINION FOR THE CHIEF, COMMERCIAL LITIGATION BRANCH, CIVIL DIVISION

### Garnishment—Federal Employees—Consumer Credit Protection Act (15 U.S.C. § 1673)—Social Security Act (42 U.S.C. § 659)

This responds to your request for our opinion whether the percentage limits on wage garnishment for alimony and child support (hereafter "support") in § 303(b)(2) of the Consumer Credit Protection Act, 15 U.S.C. § 1673(b)(2) (hereafter "CCPA"), apply to the total of multiple garnishments. The question has been presented by multiple garnishments of a Federal employee's wages for unpaid support under § 459(a) of the Social Security Act, 42 U.S.C. § 659(a). For the reasons that follow, it is our opinion that the total of multiple garnishments for support may not exceed the percentage of disposable income set by § 303(b)(2) of the CCPA. When the total proposed wage garnishments exceed this percentage, § 461(c) of the Social Security Act, 42 U.S.C. § 661(c), requires that the garnishments be satisfied on a first-come, first-served basis within that limit.

Under § 459(a), a Federal employee's salary is subject to garnishment for support "in like manner and to the same extent as if the United States * * * were a private person." Section 303(b)(2) of the CCPA limits garnishment "to enforce any order for the support of any person" to between 50 percent and 65 percent of the individual's disposable income.[1] A garnishment order beyond this limitation is unlawful.[2] In addition, § 461(c) of the Social Security Act, as amended, 42 U.S.C. § 661(c)

---

[1] The exact percentage depends on whether the individual is supporting another spouse or dependent and whether the underlying debt is more than 12 weeks old. 15 U.S.C. § 1673 (b)(2).

[2] Consumer Credit Protection Act, § 303(c), 15 U.S.C. § 1673(c). *See, Hodgson* v. *Cleveland Municipal Court,* 326 F. Supp. 419 (N.D. Ohio 1971).

(Supp. 1978), provides that when two or more garnishment orders are received for a Federal employee's salary, they will be satisfied on a "first-come, first-served basis," with the later garnishments satisfied out of "such moneys as remain available" after satisfying the former.[3]

Section 459 of the Social Security Act first made Federal salaries subject to garnishment for support in 1975. At that time, the CCPA placed no limit on the percentage of income that could be garnisheed for support.[4] As a result, there were several instances of Federal employees garnisheed for up to all of their disposable earnings.[5] In order to meet this problem, Congress amended § 303(b) of the CCPA and added § 461 to the Social Security Act. See Pub. L. No. 95-30, 501, 91 Stat. 158. While there is no direct discussion of this precise issue in the legislative history, the general purpose of the amendment, and the discussion of that purpose, indicates Congress' intent not to allow garnishments that would—in the aggregate—exceed a reasonable percentage of an individual's income.

These provisions originated in a floor amendment by Senator Nunn. After stating that existing law permitted 100 percent garnishment, resulting in possible "financial ruin" for the individual and his present spouse and family, he stated that the amendment would place a percentage limit on garnishment for support in order to leave the individual a reasonable amount for his current needs.[6] There was no other discussion on this point. The Conference Report reiterates Senator Nunn's explanation.[7] Thus, the legislative intent underlying § 303(b)(2) was to ensure that a portion of his disposable income would remain available to an individual garnisheed for unpaid support.[8] If the percentage limit applied only to single garnishments, a wage earner could be deprived of substantially all his disposable income by multiple garnishments. In order to comply with Congress' intent to protect a core of disposable income,[9] the percentage

[3] Although you have requested our advice with respect generally to the application of the percentage limitations in the CCPA, we understand that there is at least one case in point as to which immediate action must be taken. The Department of Commerce has been served with two garnishment orders for an employee's salary, one on behalf of each of his former spouses. If both are complied with 95 percent of the employee's disposable income will be garnisheed. The Department of Commerce has withheld 95 percent of his disposable income for the last pay period but has not yet paid it out.

[4] See 15 U.S.C. § 1673(b) (1970).

[5] See S. Rept. 1350, 94th Cong., 2d sess., at 2-3 (1976); 122 CONGRESSIONAL RECORD 29822 (1976).

[6] 123 CONGRESSIONAL RECORD S. 6726, S. 6728 (daily ed., April 29, 1977). See also S. Rept. 1350, 94th Cong., 2d sess., at 2-3, 9-10.

[7] H. Conf. Rept. 263, 95th Cong., 1st sess., at 35 (1977).

[8] We note that for other debts, no more than 25 percent of disposable income is subject to garnishment. Consumer Credit Protection Act, § 303(a), 15 U.S.C. § 1673(a) (1970). The higher percentage subject to garnishment for support shows that Congress balanced the relative needs of the wage earner and support creditor differently from those of the commercial creditor. See 122 CONGRESSIONAL RECORD 29822 (1976) (Senator Allen).

[9] It is, of course, a familiar principle of construction that a statute should not be construed in a manner that will frustrate its basic purpose. See, e.g., Philbrook v. Glodgett 421 U.S. 707 (1975); United States v. Sisson, 399 U.S. 267 (1970); United States v. American Trucking Assn., 310 U.S. 534, 543 (1940).

limit of § 303(b)(2) of the CCPA must be applied to the total of multiple garnishments.

Accordingly, it is our view that § 303(b)(2) of the CCPA prohibits any agency from paying more than the applicable percentage limitation on account of multiple garnishments. Apportionment of the amount that may be garnisheed is governed by § 461(c) of the Social Security Act. Under that section, the garnishment first served on the employer agency must be satisfied insofar as possible. Remaining funds within the percentage limit can then be applied to the second garnishment.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
